UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLARENCE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-4084 |
| | ) | |
| HILL CORRECTIONAL CENTER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MERIT REVIEW ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff filed a letter (#1) with the Court, which the Court has construed as a complaint. In this letter, Plaintiff alleges that prison officials have failed to provide him with adequate medical care for a condition he contracted from his cellmate, despite the fact that plaintiff alleges he has been sent to two (2) outside specialists for

treatment. Plaintiff does not identify any specific prison officials in his letter.

Plaintiff may be able to state a claim for relief, but he has not identified the specific individuals responsible for providing medical treatment. Plaintiff also has not alleged how each individual has failed to provide adequate medical treatment, or the dates in which these actions took place. *See Petties v. Carter*, 836 F.3d 722 (7th Cir. 2016) (en banc) (a plaintiff must show that prison officials acted with deliberate indifference to a serious medical need); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Therefore, the Court will grant plaintiff an opportunity to provide this information in an amended complaint.

IT IS THEREFORE ORDERED:

1)    Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2)    Plaintiff's motions (#6, 7) are denied as moot. The Court has received plaintiff's trust fund ledgers and granted his previous petition to proceed in forma pauperis. *See* Text Order entered May 4, 2018.

3)    Clerk is directed to send plaintiff a blank complaint form.

Entered this 29th day of May, 2018.

/s/Harold A.Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE